J.A22042/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
              Appellee      :
                                    :
              v.              :
                                    :
                                    :
RICKY LEE SECHRIST,          :
                                    :
             Appellant     :       No. 2221 MDA 2013

Appeal from the PCRA Order November 12, 2013
In the Court of Common Pleas of Lebanon County
Criminal Division No(s).: CP-38-CR-0001345-2010

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:           **FILED AUGUST 22, 2014**

Appellant, Ricky Lee Sechrist, appeals from the order entered in the Lebanon County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition as untimely. He contends the court erred because he had filed a timely *pro se* motion for extension of time to file his first PCRA petition. We hold the PCRA court lacked jurisdiction and thus, we affirm.

On December 15, 2010, Appellant pleaded guilty to multiple counts of sexual abuse of children and invasion of privacy. On April 20, 2011, the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

court sentenced Appellant to an aggregate sentence of eighteen months to nine years' imprisonment. Appellant did not take a direct appeal.

On April 19, 2012,[2] Appellant filed a *pro se* motion for extension of time to file a PCRA petition, alleging as follows:

> And now comes [Appellant], *pro se*, and ask [sic] this Honorable Court for an extension of time to file his first post-conviction relief motion and aver the following in support:
>
> 1. [Appellant] has found that there are problems with his sentence and has been trying to obtain records to resolve the problem since he has become aware of it.
>
> 2. [Appellant] needs additional time to gather additional [sic] so that he can make a clear pleading with the court to correct sentence and the miss [sic] information given to him by the trial counsel.
>
> 3. [Appellant] intends to raise claims of in [sic] effective assistance of counsel and need [sic] the time to get the necessary information from the clerk of court and others.
>
> 4. The law library at [the prison] is in [sic] adequate in resources and time there has been limited by the nature of being incarcerated there.
>
> 5. [Appellant] asks for an additional 30 days to get the information and file a P.C.R.A.

Appellant's Mot. for Extension of Time, 4/19/12, at 1 (some capitalization omitted).

On April 24, 2012, the court issued the following order:

---

[2] The court docketed Appellant's motion on April 20, 2012. ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

> [I]t appearing to the court that a pleading requesting post conviction collateral relief has been filed by [Appellant,] it is hereby ordered as follows:
>
> 1. [Appellant's] motion is returned to [Appellant] for amendment as follows, such amendment to be made on or before June 21, 2012. [Appellant] shall indicate that [sic] nature of his claims concerning his sentence and for ineffective assistance of counsel.

Order, 4/24/12. The court also granted Appellant *in forma pauperis* status and appointed counsel for Appellant. ***Id.*** The order was served on Appellant and his appointed counsel. ***Id.***

On June 13, 2012, the court docketed Appellant's *pro se* PCRA petition. On July 6, 2012, the Commonwealth filed a response to Appellant's *pro se* PCRA petition. The Commonwealth's response asserted that Appellant's *pro se* PCRA petition was untimely. Commonwealth's Resp. to Appellant's Pet. for Post-Conviction Relief, 7/6/12, at ¶ 23. On July 23, 2012, Appellant's counsel filed an amended PCRA petition, which alleged, *inter alia*, that Appellant filed a *pro se* PCRA petition on April 20, 2012. Appellant's Am. Pet for Post Conviction Relief Pursuant to the PCRA, 7/23/13, at ¶ 4. On November 7, 2013, the Commonwealth filed a motion to dismiss Appellant's June 13, 2012 *pro se* PCRA petition as untimely.

On November 13, 2013, the court dismissed Appellant's petition as untimely. The record does not reflect that the PCRA court complied with Pa.R.Crim.P. 907. The court docketed Appellant's notice of appeal on December 12, 2013. On February 24, 2014, the court ordered Appellant to

comply with Pa.R.A.P. 1925(b).[3] The record does not reflect Appellant filed a Rule 1925(b) statement.

Appellant raises the following issue:

> Whether [PCRA] court erred when it dismissed [Appellant's PCRA] petition . . . as being untimely where [Appellant] filed a motion within the statutory deadline time frame?

Appellant's Brief at 4. In support of his issue, Appellant argues that he filed a motion for extension of time on April 19, 2012, which the court granted on April 24, 2012. *Id.* at 11-12. The court's order, Appellant maintains, granted his request for an extension of time to file a PCRA petition by June 21, 2012. *Id.* at 12. Appellant notes he filed his *pro se* PCRA petition on June 13, 2012.[4] *Id.* Appellant is due no relief.

Before addressing the merits of Appellant's claims, our Supreme Court has required this Court to examine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en*

---

[3] The certificate of service reflects the order was mailed to Appellant's counsel on February 25, 2014.

[4] As noted above, the court appointed counsel for Appellant on April 24, 2012. Appellant, however, filed a *pro se* PCRA petition on June 13, 2012.

- 4 -

*banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (internal citations and footnote omitted).

> Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii).

***Fahy***, 737 A.2d at 222 (citations omitted).

The three timeliness exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, we review whether the PCRA court erred by holding Appellant's first PCRA petition was untimely. **See** 42 Pa.C.S. § 9545(b)(1), (2). Appellant's judgment of sentence became final on May 20, 2011, as he did not file a direct appeal with this Court. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant thus had until Monday, May 21, 2012, to file his first PCRA petition. **See Copenhefer**, 941 A.2d at 648.

Appellant, however, did not file a *pro se* PCRA petition until June 13, 2012, and his counsel filed an amended PCRA petition on July 23, 2012. Appellant attempts to excuse his untimely petitions by referencing a motion for extension of time, which the court allegedly granted. In **Fahy**, however, our Supreme Court explicitly held that a PCRA court has "no authority to extend filing periods" for a PCRA petition. **See Fahy**, 737 A.2d at 222. Further, Appellant's April 19, 2012 motion for extension of time does not allege and prove any of the timeliness exceptions. **See id.** (holding filing period extended only upon satisfying one of three timeliness exceptions). Accordingly, the PCRA court had no authority to grant Appellant's motion for extension of time and thus lacked jurisdiction to consider Appellant's

untimely filed PCRA petitions.[5]  **See Fahy**, 737 A.2d at 222.  Having discerned no error of law, we affirm the order below.  **See Wilson**, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014

---

[5] We do not address whether the PCRA court should have considered Appellant's *pro se* filing.