J.S17039/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN D. SUTTON | : | |
| | : | |
| Appellant | : | No. 1347 WDA 2015 |

Appeal from the Order Entered August 13, 2015
in the Court of Common Pleas of Crawford County Criminal Division
at No(s): CP-20-CR-0000391-2002

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED APRIL 07, 2016**

*Pro se* Appellant, John D. Sutton, appeals from the order denying his fourth[1] Post Conviction Relief Act[2] ("PCRA") petition. Appellant claims counsel was ineffective and the court improperly tried him. We affirm.

We adopt the factual and procedural history set forth in this Court's prior decision resolving his third PCRA petition. ***See Sutton***, 818 WDA 2013

---

[*] Former Justice specially assigned to the Superior Court.

[1] Contrary to the Commonwealth's recitation of the procedural history, ***see*** Commonwealth's Brief at 6, the instant petition is Appellant's fourth—not third—PCRA petition. ***Commonwealth v. Sutton***, 818 WDA 2013 at 5 (Pa. Super. Sept. 24, 2013) (unpublished memorandum) (affirming denial of Appellant's third PCRA petition), *appeal denied*, 497 WAL 2013 (Pa. 2013).

[2] 42 Pa.C.S. §§ 9541-9546.

at 1-3, 5. On July 30, 2015,[3] Appellant filed a "Stay of Execution of Judgement Set Forth Upon: 42 Pa.C.S. § 9545, of Pennsylvania Judicial Code, Challenging In Rem Judgement of the Records." In his motion, Appellant alleged the docket revealed constitutional violations thus making his petition timely under 42 Pa.C.S. § 9545. He also posited that Section 9545 violates the Pennsylvania and United States Constitutions.

The court did not comply with Pa.R.Crim.P. 907. On August 13, 2015, the court stated "based on our understanding of his confusing pleading[,] it is denied." Order, 8/13/15. On August 26, 2015,[4] Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

> Is the holding of a "special criminal tribunal" (Crawford County) without the present of . . . Appellant in this said matter in violation of Article One (1), Section Fifteen (15) of the Constitution of the Commonwealth of Pennsylvania?
>
> In this Commonwealth of Pennsylvania, is it not forbidden for defense counsel to abandon their client during a critical stage on direct appeal after trial conviction which causes time-barment [sic]?

Appellant's Brief at 4.

---

[3] The court docketed Appellant's motion on August 5, 2015. **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

[4] The court docketed Appellant's notice of appeal on August 28, 2015.

In support of his two issues, Appellant contends his trial counsel was ineffective and he was not present at a September 30, 2003 hearing. He argues an evidentiary hearing is necessary to resolve his claims and at which he would present evidence that the victim's death was accidental. Appellant posits that a special criminal tribunal improperly tried him in violation of Article 1, Section 15 of the Pennsylvania Constitution.[5] We hold Appellant has not established entitlement to relief.

Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

---

[5] "No commission shall issue creating special temporary criminal tribunals to try particular individuals or particular classes of cases." Pa. Const. Art. I, § 15.

Instantly, this Court affirmed Appellant's judgment of sentence on direct appeal on November 3, 2004.[6] Because Appellant did not file a petition for allowance of appeal with our Supreme Court, his judgment of sentence became final on December 3, 2004. **See** Pa.R.A.P. 1113; 42 Pa.C.S. § 9545(b)(3). Thus, this Court must discern whether Appellant pleaded and proved one of the three timeliness exceptions. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); **Copenhefer**, 941 A.2d at 648.

Instantly, Appellant has not pleaded and proved that the failure to raise his claims was a result of governmental interference or a newly-recognized constitutional right. **See** 42 Pa.C.S. § 9545(b)(1)(i), (iii). Regardless, Appellant has not explained why his petition was not filed within sixty days of the date the claim could have been presented, as he could have reviewed the docket prior to 2015. **See** 42 Pa.C.S. § 9545(b)(2). To the extent Appellant challenges the Section 9545 time limitations as unconstitutional, it is well-settled they do not violate any constitutional rights. **See Commonwealth v. Peterkin**, 722 A.2d 638, 643 (Pa. 1998). Thus, the PCRA court lacked jurisdiction. **See Fahy**, 737 A.2d at 223.

---

[6] The Commonwealth contends that this Court affirmed Appellant's sentence on December 14, 2004—the date that the **trial court docketed** this Court's opinion. Commonwealth's Brief at 4. The Commonwealth is incorrect.

J.S17039/16

Having discerned no error of law, we affirm the order below.[7] ***See Wilson***,

824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016

---

[7] We note Article I, Section 15 of the Pennsylvania Constitution "has no applicability to the ordinary general criminal jurisdiction of the Court of Common Pleas of Pennsylvania." ***Commonwealth v. Moore***, 633 A.2d 1119, 1131 (Pa. 1993). Appellant was not tried by a special tribunal.