J-S31017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCELO RIVERA | |
| Appellant | No. 1342 MDA 2015 |

Appeal from the Order Entered July 9, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001443-2007
CP-38-CR-0001446-2007
CP-38-CR-0001447-2007
CP-38-CR-0001520-2007

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED APRIL 29, 2016**

Marcelo Rivera appeals *pro se* from the order entered July 9, 2015, in the Court of Common Pleas of Lebanon County, dismissing as untimely his third petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  In this appeal, Rivera claims his sentence is illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013), because the court imposed a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508.  **See** Rivera's Supplemental Argument to Brief, at 1.[1]  In

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In his original appellate brief, Rivera presents three issues:  (1) Whether the Judge was proper in the statement he made before sentencing, (2) Whether there was a conflict of interest, and (3) Whether trial counsel was

*(Footnote Continued Next Page)*

support of this argument, Rivera cites two recent cases: **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), filed June 15, 2015, and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), filed January 25, 2016.  **See** Rivera's Supplemental Argument to Brief, **id.**  Based upon the following, we affirm.

The background of this case has been previously set forth by this Court:

> A prior panel of this Court summarized the relevant facts and procedural history of this case as follows.
>
>> On March 27, 2008, [Rivera] pled guilty to various drug offenses under four docket numbers. On May 21, 2008, the court sentenced [Rivera] to an aggregate term of twelve to twenty-six years' imprisonment. He did not file a direct appeal. [Rivera] filed a timely *pro se* PCRA petition on November 11, 2008. The PCRA court returned this petition with the direction that he provide more facts. On December 18, 2008, [Rivera] filed a *pro se* amended PCRA [petition], which was dismissed without a hearing on March 2, 2009. The following day, the court appointed counsel. [Rivera] then filed a *pro se* notice of appeal on March 13, 2009, which he requested to withdraw three days later. Counsel for [Rivera] filed a formal request to withdraw his notice of appeal on June 3, 2009.
>>
>> On December 23, 2009, [Rivera] filed a counseled motion to reinstate his appellate rights from the denial of his first PCRA petition. The PCRA court denied the motion, but on

*(Footnote Continued)* ───────────

ineffective for failing to give a **"Garcia"** [**United States v. Garcia**, 517 F.2d 272 (5th Cir. 1975)] hearing.  **See** Rivera's Brief at 4.  These issues, however, were not presented in the underlying PCRA petition.  Rather, the PCRA petition claimed Rivera's sentence was unconstitutional and illegal under **Alleyne**, and counsel was ineffective for failing to raise meritorious issues.  **See** Rivera's PCRA petition, 6/3/2015, at 4.

appeal, this Court found the PCRA court erred in not providing [Rivera] with counsel for his first *pro se* PCRA petition. This Court remanded the case for counsel to amend [Rivera's] first PCRA petition.

[Rivera's] amended PCRA petition, filed on November 15, 2010, claimed ineffective assistance of counsel for failure to provide an interpreter at the guilty plea hearing, and for failure to advise him of the outcomes and penalties in pleading guilty. A hearing was held on February 25, 2011, at which the PCRA court heard testimony from both [Rivera] and trial counsel. The court dismissed the petition and [Rivera] filed a timely notice of appeal on March 8, 2011.

[2] Counsel claimed that she did not receive notice of the March 2, 2009 dismissal of [Rivera's] first PCRA petition and therefore inadvertently missed the filing deadline for an appeal. [Rivera's] Brief at 5-6.

*Commonwealth v. Rivera*, 37 A.3d 1230 (Pa. Super. 2011) (unpublished memorandum) (footnote in original). Subsequently, this Court affirmed the PCRA court's dismissal of [Rivera's] PCRA petition. *Id.*

On January 13, 2012, [Rivera] filed the instant PCRA petition, and a hearing was held on November 19, 2012. … [T]he PCRA court denied [Rivera's] PCRA petition by order and opinion. On May 7, 2013, [Rivera] filed a timely notice of appeal.

*Commonwealth v. Rivera,* 97 A.3d 808 (Pa. Super. 2014) (unpublished memorandum, at 2–3) (footnote omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). On February 20, 2014, this Court affirmed the denial of Rivera's second PCRA petition. *See id.*

Rivera filed the present PCRA petition — his third — on June 3, 2015. The PCRA court denied the petition on July 10, 2015, finding the petition was untimely. This appeal followed.[2]

The principles that guide our review are well settled:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our review of questions of law is *de novo*.

***Commonwealth v. Edminston***, 65 A.3d 339, 345 (Pa. 2013) (citations omitted).

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. 42 Pa.C.S. § 9545(b)(1). There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i-iii). When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

---

[2] Rivera timely complied with the August 6, 2015 order of the PCRA court to file a statement of errors complained of on appeal within 21 days, pursuant to Pa.R.A.P. 1925(b). Rivera placed the concise statement in the hands of prison officials for mailing no later than August 25, 2015, as evidenced by the postmark on the envelope included with the statement in the certified record. ***See Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (explaining that pursuant to the "prisoner mailbox rule," we deem a document filed on the day it is placed in the hands of prison authorities.). Rivera's concise statement raised three claims: (1) layered ineffectiveness of counsel, (2) illegal sentence, and (3) merger.

*Commonwealth v. Brandon*, 51 A.3d 231, 233–234 (Pa. Super. 2012) (citations and quotations omitted).

At the outset, we note that Rivera's judgment of sentence became final on June 20, 2008. *See Commonwealth v. Rivera*, 97 A.3d 808 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014). Based on our review, we conclude the PCRA court correctly determined that the present petition is untimely and that Rivera has not satisfied any exception to the PCRA time bar.

We agree with the PCRA court that Rivera's reliance on *Alleyne* to satisfy the PCRA time-bar exception set forth at 42 Pa.C.S. § 9545(b)(1)(iii) — "a constitutional right that was recognized by the Supreme Court of the United States … after the time period provided in [section 9545(b)(1)] and has been held by that court to apply retroactively" — is unavailing. As the PCRA court pointed out, (1) "*Alleyne* was decided on June 17, 2013; [Rivera] filed his petition nearly two years later,"[3] and (2) "Moreover, *Alleyne* cannot be applied retroactively to cases in which the judgment of sentence has become final." PCRA Court Opinion, *supra*, at 7 and n.1, *citing Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

---

[3] *See* 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) *shall* be filed *within 60 days* of the date the claim could have been presented.") (emphasis added).

The recent cases cited by Rivera provide no basis upon which to disturb the PCRA court's decision. First, Rivera's reliance on **Hopkins, supra**, is misplaced. In **Hopkins**, the Court held that under **Alleyne**, the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") is unconstitutional in its entirety. **See Hopkins**, 117 A.3d at 262. We note that **Hopkins** was decided on direct appeal. **See id.** at 249. Therefore, **Hopkins** did not address whether **Alleyne** was retroactive to cases on collateral review. As such, Rivera cannot rely on **Hopkins** to establish the statutory exception to the PCRA time bar for a new retroactive constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii). In addition, Rivera cannot rely on **Hopkins** to satisfy the statutory exception for previously unknown facts, 42 Pa.C.S. § 9454(b)(1)(ii), since "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013).

Furthermore, **Montgomery v. Louisiana, supra**, has no bearing on Rivera's case. In **Montgomery v. Louisiana**, the United States Supreme Court held that its decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012) applies retroactively to cases on collateral review. **Miller** held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder

committed while the defendant was a juvenile. ***Miller v. Alabama, supra***, however, is inapplicable to Rivera.

Finally, we are unable to afford Rivera relief based on his assertion that an "illegal sentence is deem[ed] nonwaiv[a]ble." Rivera's Supplemental Argument to Brief, at 1. This Court has clarified that, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller, supra***, 102 A.3d at 995 (quotations and citation omitted).

Therefore, because Rivera has not demonstrated the applicability of any timeliness exception, neither the PCRA court nor this Court has jurisdiction to consider the merits of his petition.

Order affirmed.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016

- 7 -