J-S24005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDREW GONZALEZ, | : | |
| | : | |
| Appellant | : | No. 833 MDA 2015 |

Appeal from the PCRA Order March 3, 2015
in the Court of Common Pleas of Berks County,
Criminal Division, No(s):  CP-06-CR-0005540-2005

BEFORE:  GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 23, 2016**

Andrew Gonzalez ("Gonzalez") appeals, *pro se*, from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. § 9541-9546.  We affirm.

In June 2006, following a jury trial, Gonzalez was convicted of murder of the third degree, aggravated assault, firearms not to be carried without a license, possessing instruments of crime, recklessly endangering another person, and criminal conspiracy.[1]  The trial court sentenced Gonzalez to 20 to 40 years in prison.  This Court affirmed the judgment of sentence on June 26, 2009.  **See Commonwealth v. Gonzalez**, 981 A.2d 312 (Pa. Super. 2009).

Gonzalez, *pro se*, filed the instant Petition in September 2014, his third.  The PCRA court issued a Notice of Intent to Dismiss the Petition.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 2702, 6106, 907, 2705 and 903.

After receiving two extensions of time to file a response, Gonzalez requested permission to amend his PCRA Petition. The PCRA court granted Gonzalez leave to amend the Petition in order to explain which of the timeliness exceptions applies. Gonzalez thereafter filed another Motion for Extension of Time. The PCRA court denied Gonzalez's third Motion for Extension of Time, and dismissed the Petition as untimely on March 30, 2015. Gonzalez filed a timely Notice of Appeal[2] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Gonzalez raises the following questions for our review:

I. [Whether the PCRA court abused its discretion by dismissing Gonzalez's Petition, where the] PCRA Petition was filed within 60 days of the date on which [Gonzalez] came into possession of the complete transcript of his trial and sentencing, as well as pretrial discovery material, in the absence of which [Gonzalez] was previously prevented from seeking and obtaining meaningful PCRA review?

II. [Whether the PCRA court abused its discretion by dismissing Gonzalez's Petition, where,] despite granting [Gonzalez's] request for an extension of time to file such an amended PCRA[ Petition,] notwithstanding facts indicating that such an extension of time was warranted?

---

[2] Gonzalez's Notice of Appeal was received and docketed on May 12, 2015. However, the cover letter Gonzalez included with his Notice of Appeal is dated April 21, 2015. Gonzalez avers that he placed his Notice of Appeal in the hands of prison authorities on April 21, 2015, but that it was returned as undeliverable on May 8, 2015. Because Gonzalez arguably placed his Notice of Appeal in the hands of prison authorities before April 29, 2015, we will consider his appeal timely filed. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (stating that "[p]ursuant to the prisoner mailbox rule, a document is deemed filed when placed in the hands of prison authorities for mailing.") (internal quotation marks omitted).

III. [Whether the PCRA court abused its discretion by dismissing Gonzalez's Petition, where] the facts as alleged by [Gonzalez,] if proven, would entitle him to relief?

Brief for Appellant at 4 (renumbered for ease of disposition).

Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking review. *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Gonzalez's Petition is facially untimely under the PCRA. *See* Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date

the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

In his first claim, Gonzalez attempts to invoke the government interference and newly discovered facts exceptions at 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii). Brief for Appellant at 13-16. Gonzalez argues that his trial transcripts and other discovery materials constitute newly discovered facts, and that he filed the Petition within 60 days of receiving these materials. *Id.* at 14-15. Additionally, Gonzalez asserts that the PCRA court's failure to provide him with his trial and sentencing transcripts and other discovery materials, as requested, constitutes governmental interference with the presentation of his claim. *Id.* at 15.

Here, Gonzalez has failed to plead and prove that either exception applies. In regards to the newly discovered facts claim, Gonzalez's trial and sentencing transcripts would have been available in 2006 and made part of the record of his direct appeal. Moreover, Gonzalez was present at both the jury trial and at sentencing, and therefore, the trial and sentencing transcripts are simply new sources for information previously known to him. *See Commonwealth v. Edminston*, 65 A.3d 339, 352 (Pa. 2013) (stating that, in order to constitute "facts" under Section 9545(b)(1)(ii), "the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source."). Even assuming that his trial and sentencing transcripts could

constitute a "fact" under Section 9545(b)(1)(ii), Gonzalez does not attempt to explain why any such information could not have been ascertained earlier by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *see also Commonwealth v. Sattazahn*, 869 A.2d 529, 534 (Pa. Super. 2005) (stating that "in order to prevail under the newly discovered [facts] exception, [an] [a]ppellant must plead and prove that the facts upon which the claim is predicated were unknown to him and could not have been ascertained earlier by the exercise of due diligence.").

In regards to the government interference claim, Gonzalez does not allege any specific actions by the PCRA court that interfered with his access to documents in the public record, nor does he explain why the information could not have been obtained earlier through the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(i); *see also Commonwealth v. Williams*, 105 A.3d 1234, 1240 (Pa. 2014) (stating that Section 9545(b)(1)(i) "requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of the interference by government officials and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence."). Therefore, we cannot grant Gonzalez relief on this claim.

In his second claim, Gonzalez argues that the PCRA court erred by denying his third Motion for Extension of Time to file an amended PCRA Petition. Brief for Appellant at 9-12. Gonzalez claims that the PCRA court

overlooked circumstances beyond his control, which prevented him from filing an amended PCRA within the first extension of time, including an institutional lock-down and the inability of a fellow prisoner to help Gonzalez draft his amended Petition. ***Id.*** at 11-12.

Here, the PCRA court granted Gonzalez leave to file an amended PCRA Petition in order to raise timeliness exceptions. The PCRA also granted Gonzalez's first Motion for Extension of Time to file an amended Petition, which Gonzalez failed to do. PCRA Court Opinion and Order, 3/30/16, at 1. Further, Gonzalez has not raised any other exceptions to the timeliness requirement. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999) (stating that "it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. That burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply.") (internal citation omitted). Thus, Gonzalez is not entitled to relief on his second claim.

In his third claim, Gonzalez asserts that the PCRA court erred by dismissing his Petition without a hearing. Brief for Appellant at 12-13. However, a PCRA court is not required to hold an evidentiary hearing where no exceptions are invoked. ***See Commonwealth v. Garcia***, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011).

Thus, the PCRA court did not err in dismissing Gonzalez's Petition as untimely.

J-S24005-16

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_ (signature)

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/23/2016</u>