J-S40043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
WILLIAM PIERCE, :
:
Appellant : No. 3168 EDA 2015

Appeal from the PCRA Order October 2, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0004458-1997

BEFORE: BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 06, 2016**

William Pierce ("Pierce") appeals, *pro se*, from the Order dismissing his second Post Conviction Relief Act ("PCRA") Petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In January 2000, a jury convicted Pierce of second-degree murder, arson, recklessly endangering another person, aggravated assault and simple assault, arising out of the death of his girlfriend from a fire Pierce intentionally set in her apartment. On May 3, 2000, the trial court sentenced Pierce to life in prison without the possibility of parole. This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied Pierce's Petition for allowance of appeal. **See Commonwealth v. Pierce**, 799 A.2d 173 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 815 A.2d 1041 (Pa. 2003).

Pierce filed his first PCRA Petition on January 28, 2004. The PCRA court dismissed the Petition. This Court affirmed the dismissal. **See Commonwealth v. Pierce**, 961 A.2d 1281 (Pa. Super. 2008), *appeal denied*, 966 A.2d 549 (Pa. 2009).

On December 24, 2014, Pierce filed the instant *pro se* PCRA Petition, his second. The PCRA court appointed counsel, who was subsequently granted leave to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super 1988) (*en banc*). The PCRA court thereafter issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Pierce's Petition without a hearing. Pierce filed a Response to the Rule 907 Notice. The PCRA court dismissed the Petition on October 2, 2015, after which Pierce filed a timely *pro se* Notice of Appeal.

Pierce presents the following claims for our review:

1. Did the [PCRA] court abuse [its] discretion when it dismissed [Pierce's] petition without a hearing, whereas, there were constitutional issues of the Sixth Amendment that deprived [Pierce] of a fair trial, and [Pierce's] direct appeal?

2. Did appointed PCRA counsel fail to file an amended petition based upon new case law, [**Commonwealth v. Hugney**, 531 A.2d 424 (Pa. Super. 1987)], that was directly instructive to the court, and the newly discovered case would have shown that, junk science was utilized during [Pierce's] trial, all in violation of due process of law?

Brief for Appellant at 1.

Before we address Pierce's claims, we first must determine whether Pierce timely filed his PCRA Petition. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. See 42 Pa.C.S.A. § 9545(b)(3). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* The one-year time limitation is jurisdictional and a PCRA court has no power to address the substantive merits of an untimely petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Pierce's sentence became final on April 29, 2004, when Pierce failed to appeal to the United States Supreme Court within 90 days after his appeal to the Pennsylvania Supreme Court was denied. ***See Commonwealth v. Wilson***, 911 A.2d 942, 945 (Pa. Super. 2006). Pierce had until April 29, 2005, to file a timely PCRA Petition. Pierce's second PCRA Petition, filed on December 24, 2014, was facially untimely.

Although a petition must be filed within one year, there are three statutory exceptions, which may excuse untimeliness:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth of the constitution of laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 3 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. *Id.* § 9545(b)(2).

Pierce invokes the newly discovered evidence exception and argues that numerous cases, including *Hugney* and *U.S. v. Willingham*, 885 F.2d 869 (5th Cir. 1989), apply to his case. Brief for Appellant at 1-3, 7.

Initially, judicial decisions are not "newly discovered facts" for the purposes of section 9545(b)(1)(ii). *See Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. Super. 2011). Moreover, even if Pierce properly invokes the exception at section 9545(b)(1)(iii), he did not raise the exception within 60 days of the filing of the various cases upon which he relies. *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that defendants need to file their petitions within 60 days from the date of the court's decision to fulfill the requirement). Thus, Pierce failed to

- 4 -

establish an exception to the PCRA's timeliness requirement.[1] Accordingly, we cannot address the merits of the claims raised by Pierce.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

---

[1] We note that Pierce raises various other claims. However, Pierce has failed to plead and prove any of the exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1). Moreover, the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing as Pierce filed an untimely PCRA Petition, and failed to plead and prove an exception to the timeliness requirement. **See Commonwealth v. Garcia**, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011).