J-S80016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CODY ALLEN BREINER | |
| Appellant | No. 701 MDA 2016 |

Appeal from the Judgment of Sentence Entered March 28, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0005748-2015

BEFORE:  LAZARUS, STABILE, and RANSOM, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 23, 2016**

Appellant Cody Allen Breiner appeals from the March 28, 2016 judgment of sentence entered in the Court of Common Pleas of Berks County ("trial court"), following his guilty plea to receiving stolen property and firearms not to be carried without a license.[1]  Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  For the reasons set forth below, we affirm Appellant's judgment of sentence, and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S.A. §§ 3925(a) and 6106(a)(1), respectively.

The facts and procedural history of this case are undisputed. Briefly, Appellant entered into a negotiated guilty plea to the above-referenced offenses and the trial court sentenced him to an aggregate term of 364 to 728 days' imprisonment,[2] followed by 5 years of probation on March 28, 2016. Appellant did not file any post-sentence motions. This timely appeal followed.[3] After this appeal was filed, on May 25, 2015, Appellant's counsel filed a *nunc pro tunc* post-sentence motion seeking the withdrawal of his guilty plea.[4]

On the same day, instead of filing a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant's counsel[5] filed a statement of intent to file an **Anders** brief under Pa.R.A.P. 1925(c)(4).[6]

---

[2] Appellant received a credit of 143 days for time served.

[3] Although Appellant's notice of appeal is time-stamped April 28, 2018, the envelope containing the notice is dated April 26, 2016. Accordingly, we conclude that, pursuant to the "prisoner mailbox rule," Appellant notice of appeal was filed on April 26, 2016. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule" a document is deemed filed when placed in the hands of prison authorities for mailing).

[4] On June 6, 2016, the trial court permitted Appellant to file the *nunc pro tunc* post-sentence motion to withdraw the guilty plea, but denied him relief on the merits.

[5] Because of a conflict of interest, the trial court appointed Abby Rigdon, Esquire, as conflict counsel to represent Appellant on this appeal.

[6] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [**Anders**] brief in lieu of filing a Statement. If, upon review of the [**Anders**] brief, the appellate court believes that there are arguably meritorious

*(Footnote Continued Next Page)*

- 2 -

Appellant's counsel noted Appellant intended to raise ineffectiveness claims that could not be reviewed on direct appeal. On June 22, 2016, the trial court issued a two-page Pa.R.A.P. 1925(a) opinion, concluding that no meritorious issues exist for purposes of direct appeal.

On July 29, 2016, Appellant's counsel filed in this Court a motion to withdraw as counsel and filed an **Anders** brief, wherein counsel raises two issues for our review:

> [I.] Did the trial court err in denying the post sentence motion to withdraw the guilty plea?
>
> [II.] Was trial counsel ineffective at the guilty plea and sentencing hearing and by failing to file post sentence motions?

**Anders** Brief at 5.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that she was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his *Anders* brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of *Anders*.

We next must determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*, wherein our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that she has complied with the briefing requirements of *Santiago*. We,

- 4 -

therefore, conclude that counsel has satisfied the minimum requirements of *Anders*/*Santiago*.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant first argues that the trial court erred in denying his post-sentence motion to withdraw a guilty plea. Before we may discuss the merits of Appellant's claim, we must determine whether the trial court had jurisdiction to permit the *nunc pro tunc* filing of the post-sentence motion to withdraw the guilty plea. As noted earlier, Appellant here failed to file any post-sentence motions within 10 days from the date of sentencing, *i.e.*, by April 7, 2016. Instead, Appellant's counsel filed a *nunc pro tunc* motion to withdraw the negotiated guilty plea on May 25, 2015, almost one month after the notice of appeal was filed and nearly two months after the imposition of sentence. We recently explained:

> [A] post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc.* The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc,* also within 30 days of imposition of sentence.

*Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (emphasis in original) (citation and quotation marks omitted); *see* 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Here, Appellant filed his *nunc pro tunc* post-sentence motion nearly 60 days after sentencing and almost 30 days after Appellant filed the notice of appeal. Accordingly, the trial court did not have jurisdiction to consider the *nunc pro tunc* post-sentence motion.

Next, Appellant argues that his trial counsel rendered ineffective assistance. We, however, decline to consider the ineffectiveness claims at this juncture based on our Supreme Court's decision in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013). In *Holmes*, our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA). *See Holmes*, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. *See id.* at 577-78 (holding that the trial court may address claims of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of

"prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Accordingly, Appellant must raise his ineffectiveness claims in a timely-filed PCRA petition. We, however, express no opinion on the merits of such effectiveness claim.

We have conducted an independent review of the record and addressed Appellant's arguments properly before us on direct appeal. We agree with counsel that the issues Appellant seeks to litigate in this appeal are wholly frivolous. Also, we do not discern any non-frivolous issues that Appellant could have raised. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2016