**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Theophalis WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 2006.
Filed Nov. 13, 2006.

Theophalis Wilson, appellant, Pro Se.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: JOYCE, STEVENS, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Philadelphia County on December 22, 2005, dismissing Appellant's second petition for relief filed pursuant to the Post–Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546, on the basis that it was filed in an untimely manner. We affirm.

¶ 2 On August 6, 1993, following a jury trial, Appellant was found guilty of three counts each of first degree murder, robbery, and criminal conspiracy, and one count each of possessing an instrument of crime and corrupt organizations in connection with the September 24, 1989 shooting deaths of three men in Philadelphia. Ap-

pellant was a 17–year–old minor at the time. On January 17, 1995, Appellant was sentenced to an aggregate term of life imprisonment. This Court affirmed the judgment of sentence on December 31, 1996, and the Supreme Court denied allowance of appeal on June 11, 1997. *Commonwealth v. Wilson,* 697 A.2d 280 (Pa.Super.1996) (unpublished memorandum), *appeal denied,* 548 Pa. 658, 698 A.2d 67 (1997).

¶ 3 On June 8, 1998, Appellant filed a *pro se* petition for post-conviction relief. An amended counseled petition was later filed on May 18, 1999. The petition was dismissed, and such decision was affirmed on appeal. *Commonwealth v. Wilson,* 799 A.2d 177 (Pa.Super.2002) (unpublished memorandum). Appellant filed this, his second PCRA petition on May 2, 2005. Following the dismissal thereof on December 20, 2005,[1] the present appeal was filed.[2]

¶ 4 Initially, we note that in reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. *Commonwealth v. Liebel,* 573 Pa. 375, 379, 825 A.2d 630, 632 (2003). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. McClellan,* 887 A.2d 291, 298 (Pa.Super.2005).

¶ 5 It is a well-settled principle of law that if a PCRA petition is untimely filed, a court lacks jurisdiction to address the claims contained therein. *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780 (2000). Therefore, we must first determine whether Appellant's petition was filed in a timely manner.

¶ 6 Appellant filed the present petition on May 2, 2005; thus, it is governed by the 1995 amendments to the PCRA. The Legislature, on November 17, 1995 and effective sixty days thereafter, modified the requirement of when a PCRA petition must be filed. *See* 42 Pa.C.S.A. § 9545(b); *See also Commonwealth v. Crider,* 735 A.2d 730, 732 (Pa.Super.1999) (discussing implementation and mandate of 1995 alterations to Section 9545 of the PCRA). 42 Pa.C.S.A. § 9545(b)(1) provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final ....";  and § 9545(b)(3) states that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

---

1. We note that the court dismissed the petition on December 20, 2005, and the order was sent to Appellant by certified mail on December 22, 2005. *See* Pa.R.A.P. 108(a) (day of entry of an order shall be the day the clerk of court mails or delivers copies of the orders to the parties).

2. Appellant's notice of appeal was required to be filed by January 23, 2006. *See* Pa.R.A.P. 903(a) (a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Although the present notice of appeal was recorded on the docket on January 24, 2006, a postmark on an envelope appended to the appeal bears a date of January 18, 2006. Pursuant to the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing. *See Commonwealth v. Castro,* 766 A.2d 1283 (Pa.Super.2001). Therefore, Appellant's notice of appeal must be deemed filed at least as of January 18, 2006.

■ 945

¶ 7 In the case *sub judice,* the record reveals that this Court affirmed Appellant's judgment of sentence on December 31, 1996, and the Supreme Court denied allowance of appeal on June 11, 1997. Thus, his judgment of sentence became final on September 9, 1997, when the ninety-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to satisfy the above-discussed timeliness requirement, Appellant was required to file his PCRA petition within one year from September 9, 1997. Because his present petition was filed on May 2, 2005, clearly more than one year from the date his judgment became final, on its face, the petition is untimely.[3]

¶ 8 42 Pa.C.S.A. § 9545(b)(1), however, provides the following three excepted circumstances wherein a petition that is filed in an untimely manner may be considered by the court:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

¶ 9 In the case *sub judice,* Appellant invokes the after-recognized constitutional right exception and, in support thereof, points to the United States Supreme Court's recent decision in *Roper v. Simmons,* 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).[4] Pursuant to *Roper,* the Eighth and Fourteenth Amendments to the United States Constitution prohibit the execution of a defendant who is less than eighteen years old when a crime is committed, on the belief that juveniles, generally, are less culpable for their actions. The Supreme Court reasoned that "[o]nce the diminished culpability of juveniles is recognized, it is evident that the penological justifications for the death penalty apply to them with lesser force than to adults." *Id.* at 571, 125 S.Ct. 1183.

¶ 10 From the above principles, Appellant extrapolates the misguided proposition that, as a juvenile offender, he was incapable of forming the requisite *mens rea* for murder. Based on this misconception, Appellant concludes that the Commonwealth adduced insufficient evidence to prove the specific intent element of

3. There exists, however, a *proviso* to the 1995 amendments which provides a grace period for petitioners whose judgments became final on or before the effective date of the amendments. An otherwise untimely petition is deemed timely provided the petition is a first petition filed within one year following the effective date of the amendments. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1); *See Commonwealth v. Thomas,* 718 A.2d 326 (Pa.Super.1998) (*en banc*). Herein, Appellant's petition does not meet the *proviso's* requirements in that his judgment of sentence became final after the effective date of the amendments.

4. In that Appellant filed the present PCRA petition within sixty days of the Supreme Court's issuance of its decision in *Roper,* Appellant satisfied the threshold for consideration of whether the after-recognized constitutional right exception to the PCRA time-bar applies. *See* 42 Pa.C.S.A. § 9545(b)(2).

murder. For the reasons that follow, we find that Appellant's reliance upon *Roper* is misplaced.

¶ 11 In *Roper*, the Supreme Court reviewed a decision of the Missouri Supreme Court that had found the death penalty inappropriate and vacated it, imposing, instead, a sentence of life imprisonment without parole. The Supreme Court left this sentence intact. Thus, the *Roper* decision bars only the imposition of the death penalty in cases involving juvenile offenders. The ruling does not affect the imposition of a sentence of life imprisonment without parole, the sentence imposed in the present case.

¶ 12 In addition, the *Roper* Court did not address the juvenile defendant's guilt, but rather, it questioned whether juveniles who have been convicted of murder are among the "worst offenders" for whom capital punishment is reserved. *Id.* at 569, 125 S.Ct. 1183. We note that in relation to the determination of guilt, "culpability" is often used, as Appellant's argument suggests, in referring to a defendant's prerequisite state of mind or blameworthiness. However, where, as in the present case and in *Roper*, the term is employed in the penalty phase, it is understood to denote the benchmark for when the death penalty is appropriate. *See* Black's Law Dictionary 406–407 (8th ed.2004) (quoting Phyllis L. Crocker, Concepts of Culpability and Deathworthiness, 66 Fordham L.Rev. 21, 35–36 (1977)). Thus, we reject Appellant's contention that the Supreme Court's decision in *Roper* prevented the Commonwealth from establishing the specific intent element of first-degree murder; and we hold that Appellant's reliance upon *Roper* as an exception to the PCRA time-bar is unavailing.

¶ 13 Accordingly, having found that Appellant's petition was filed in an untimely manner and that no exceptions apply, we affirm the order of the PCRA court dismissing Appellant's petition for relief.

¶ 14 Affirmed.