J-S42039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVID HOBAI | |
| Appellant | No. 1747 WDA 2015 |

Appeal from the Judgment of Sentence October 6, 2015
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0000916-2001

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          FILED: August 24, 2016

Appellant, David Hobai, appeals from the judgment of sentence imposed following a violation-of-probation hearing and his underlying April 12, 2001 guilty plea for retail theft.[1]  Appellant's counsel has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), with this Court. We grant counsel's petition and affirm the judgment of sentence.

We summarize the facts as set forth by a prior panel of this Court:

> On March 8, 2001, [Appellant] pled guilty at Docket No. 314 of 2001 to one count of Possession [of a controlled substance] by Misrepresentation, Fraud, Deception or Subterfuge.  The charge resulted on December 6, 2000, after [Appellant] went into a cabinet at Saint Vincent Hospital in Erie, PA and obtained seven bottles of the drug

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

Diazepam, which were later found in [Appellant's] coat pocket.

On March 8, 2001, [Appellant] was sentenced to ten (10) years [of] Restrictive Intermediate Punishment at Docket No. 314 of 2001. This sentence was imposed as part of [Appellant's] admission into Erie County's Drug Court on March 8, 2001.

On April 12, 2001, [Appellant] pled guilty at Docket No. 916 of 2001 to an earlier charge of Retail Theft. On December 1, 2000, [Appellant] stole a Dewalt Cordless drill from [the] Home Depot Store located in Erie, Pa. As part of [Appellant's] prior admission into Drug Court, [Appellant] received a sentence of five (5) years [of] probation consecutive to Count 1 at Docket No. 314 of 2001.

On January 22, 2003, [Appellant's] intermediate punishment and probation sentences were revoked. [Appellant] received two (2) years to ten (10) years [of] incarceration at Docket No. 314 of 2001 followed by a consecutive sentence of five (5) years [of] probation re-imposed at Docket No. 916 of 2001.

*Commonwealth v. Hobai*, 566 & 577 WDA 2004, at 1-2 (Pa. Super. Nov. 8, 2004) (unpublished memorandum) (footnotes omitted).

According to Appellant's *pro se* "motion to [q]uash arrest warrant and release formal detainer," Erie County Probation Department filed a formal detainer on June 25, 2015, which contended he failed to report to his probation officer. Appellant's Mot. to [Q]uash Arrest Warrant and Release Formal Detainer, 9/9/15,[2] at 1. Counsel was appointed. On October 6,

_____

[2] The motion was postmarked this date. *See generally Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

2015, the court held a revocation of probation hearing and sentenced Appellant that day to eleven-and-one-half to twenty-three months' imprisonment in Erie County prison for violating his probation.

Appellant timely filed a post-sentence motion that requested a new sentence of up to two years' incarceration with the Pennsylvania Department of Corrections instead of Erie County. Appellant's Mot. for Post Sentence Relief, 10/8/15, at 1. The court denied Appellant's post-sentence motion on October 9, 2015. Appellant, while represented by counsel, also filed a *pro se* motion to reconsider and modify sentence, which was forwarded to counsel according to the docket. Appellant's counsel timely appealed and simultaneously filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders** brief. Counsel subsequently filed a petition to withdraw with this Court.

"[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted).

> [T]he three requirements that counsel must meet before he or she is permitted to withdraw from representation [are] as follows:
>
> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief refneerring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain

> new counsel or to himself raise any additional points
> he deems worthy of the Superior Court's attention.

*Id.* (citations omitted).

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

> [I]n Pennsylvania, when counsel meets his or her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous."

*Id.* at 355 n.5 (citation omitted).

Instantly, counsel's ***Anders*** brief summarized the factual and procedural history[3] and referred to everything in the record that arguably supports the appeal. Counsel articulated the facts from the record, case law, and statutes that led counsel to conclude that the appeal is frivolous. Counsel furnished a copy of the brief to Appellant. Counsel also advised Appellant of his right to retain new counsel or to raise, *pro se*, any additional points that he deems worthy of the Court's consideration. We find that

---

[3] Counsel did not cite to the record, however.

Appellant's counsel has substantially complied with all the requirements set forth above. **See id.** at 361; **Garang**, 9 A.3d at 240. Therefore, we now review the underlying issues on appeal. **See Santiago**, 978 A.2d at 355 n.5.

The **Anders** brief raises the following issue:

> Whether [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

**Anders** Brief at 3.[4] Counsel asserts Appellant believes his sentence is excessive and unreasonable. We hold Appellant is due no relief.

This Court has stated that

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing

---

[4] Appellant has not filed a *pro se* response.

hearing or raised in a motion to modify the sentence imposed at that hearing.

***Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) (some citations and punctuation omitted).

[T]he Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.*, the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm . . . .

***Commonwealth v. Googins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*).

Instantly, Appellant timely appealed. ***See Evans***, 901 A.2d at 533. Appellant's post-sentence motion, however, raised only a single claim: he should be incarcerated with the Department of Corrections, and not Erie County Prison. ***See*** Appellant's Mot. for Post Sentence Relief, 10/8/15, at 1. Appellant's post-sentence motion did not assert that his sentence was manifestly excessive and otherwise inconsistent with the Sentencing Code. Appellant, therefore, has waived the issue. ***See Evans***, 901 A.2d at 533-34. Accordingly, we deny Appellant permission to appeal. Our independent review of the record reveals no other issue of arguable merit. ***See Santiago***, 978 A.2d at 355 n.5. We conclude that the appeal is frivolous and grant counsel's petition for leave to withdraw.

Counsel's petition for leave to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016