J-S90029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTON TYRONE JOHNSON | |
| Appellant | No. 1816 EDA 2016 |

Appeal from the PCRA Order Dated May 2, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004156-2011

BEFORE: OTT, J., SOLANO, J., and JENKINS, J.

JUDGMENT ORDER BY SOLANO, J.:  **FILED DECEMBER 08, 2016**

*Pro se* Appellant, Anton Tyrone Johnson, appeals from the order dismissing his first PCRA petition. We affirm because Appellant failed to heed the PCRA court's order to comply with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

The facts relating to the underlying crime are unnecessary for our disposition. The PCRA court docketed *pro se* Appellant's first PCRA petition on July 27, 2015. Counsel was appointed and he filed a petition for leave to withdraw on October 7, 2015. The court issued a Pa.R.Crim.P. 907 notice on December 7, 2015, and Appellant filed a response. On May 2, 2016, the PCRA court dismissed Appellant's PCRA petition and granted counsel's petition to withdraw. On May 24, 2016, Appellant filed a timely notice of

appeal.[1] On June 22, 2016, the court ordered Appellant to file a statement of the errors Appellant planned to raise on appeal pursuant to Appellate Rule 1925(b) within twenty-one days. Although Appellant received the order, he did not file a timely Statement of Errors as directed by the court.[2]

In **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011), our Supreme Court observed:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement

---

[1] **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

[2] In his appellate brief, Appellant included an unsigned and undated letter — apparently written by Appellant — acknowledging receipt of the court's June 22 Rule 1925(b) order and asking for an extension of time. Ex. 3 to Appellant's Brief. The record, however, does not reflect that the PCRA court ever received this letter. No extension of time was granted, and Appellant never filed any Rule 1925(b) Statement.

of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

*Id.* at 494 (footnote omitted).

Instantly, the court served an order on Appellant to file a Rule 1925(b) statement within twenty-one days. Appellant, despite acknowledging receipt of the court's order, *see* Ex. 3 to Appellant's Brief, failed to comply and did not successfully obtain an extension of time. Accordingly, constrained by well-settled precedent, we hold that Appellant has waived all issues on appeal, and we affirm the order below. *See Hill*, 16 A.3d at 494.[3]

Order affirmed.

---

[3] Appellant claimed that because his sentence is cruel and unusual, the court imposed an illegal sentence. Appellant was sentenced to an aggregate mandatory minimum sentence of ten to twenty years' imprisonment for robbery and a violation of the Uniform Firearms Act (persons not to possess firearms) and a consecutive five years' probation for conspiracy. *See Commonwealth v. Johnson*, 1783 EDA 2013, at 2 (Pa. Super., Mar. 6, 2014). This was Appellant's second conviction for a crime of violence and, thus, he was subject to a mandatory minimum sentence of at least ten years. 42 Pa.C.S. § 9714. The court made the sentence consecutive to a different ten-to-twenty year sentence imposed by the Delaware County Court of Common Pleas. *Johnson*, 1783 EDA 2013, at 2. Appellant's illegality claim is undeveloped, and we discern no illegality, as Appellant's sentence was imposed because of his prior conviction. *See Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (stating that in *Alleyne v. U.S.*, 133 S. Ct. 2151 (2013), "the Supreme Court of the United States held that the Sixth Amendment requires that any fact — **other than a prior conviction** — that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt" (emphasis added)). Thus, even if Appellant's claim were not waived, there would be no basis for relief.

J-S90029-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2016

- 4 -