J-S89037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN JERMAINE BOYD | |
| Appellant | No. 3479 EDA 2015 |

Appeal from the PCRA Order October 27, 2015
in the Court of Common Pleas of Lehigh County Criminal Division
at No(s): CP-39-CR-0000773-2012

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 18, 2017**

Appellant, John Jermaine Boyd, appeals from the order dismissing his petition for relief under the Post Conviction Relief Act[1] ("PCRA") without a hearing. Appellant challenges (1) the effectiveness of his previously appointed PCRA counsel; (2) prior counsel's failure to file a direct appeal; and (3) the validity of his guilty plea to two counts of third degree murder.[2] We affirm.

The procedural history of this appeal is as follows. On January 15, 2014, Appellant pleaded guilty to two counts of third degree murder. Guilty

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(c).

Plea Hr'g, 1/15/14, at 3. At the guilty plea hearing, the trial court conducted a thorough colloquy.[3]

On March 4, 2014, the trial court sentenced Appellant to the negotiated two consecutive terms of twenty to forty years' imprisonment. Appellant did not file post-sentence motions or a direct appeal from the judgment of sentence.

On December 16, 2014, Appellant timely filed a *pro se* PCRA petition challenging, *inter alia*, the discretionary aspects and legality of his sentence and the effectiveness of plea counsel. The court appointed counsel to represent Appellant.[4] On July 15, 2015, PCRA counsel filed a petition to

---

[3] Appellant stated that he reviewed the guilty plea colloquy form with plea counsel, initialed each page of the form, signed the form at the end voluntarily, and understood all of the rights he was giving up by pleading guilty. Guilty Plea Hr'g at 3-4. The court reviewed the elements of third degree murder, and Appellant indicated that he understood them. *Id.* at 9-12. Appellant stated that he understood the Commonwealth's summary of the evidence and admitted doing what the Commonwealth said with regard to each victim. *Id.* at 14-23. Finally, Appellant admitted that he was pleading guilty of his own free will, fully understood what he was doing by pleading guilty, was not pleading guilty due to any threat or force, and was satisfied with the services of his attorney. *Id.* at 24-25.

[4] The PCRA court initially appointed first PCRA counsel but appointed substitute PCRA counsel after granting first PCRA counsel leave to withdraw due to a conflict of interest. Substitute counsel ("PCRA counsel") requested an extension of time to file a petition due to the unavailability of the transcripts of the guilty plea and sentencing hearings. On June 25, 2016, the PCRA court denied the request, indicating that it previously granted PCRA counsel leave to file an amended petition within sixty days of his receipt of the transcripts.

withdraw with an attached "no-merit" **Finley**[5] letter stating that the issues raised by Appellant were without merit.

On July 27, 2015, the court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing and granted substitute counsel's motion to withdraw. On August 24, 2015, Appellant filed a *pro se* response in which he claimed, for the first time, that plea counsel disregarded his request to file a direct appeal. Appellant did not, however, allege PCRA counsel's ineffectiveness. On October 28, 2015, the court dismissed Appellant's PCRA petition.

Appellant timely appealed to this Court. On December 11, 2015, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement ("Rule 1925 statement"). On December 27, 2015, Appellant mailed a Rule 1925 statement to the Clerk of Courts and the PCRA judge.[6] Pa.R.A.P. 1925(b) statement, Certificate of Service. Appellant's Rule 1925 statement did not raise guilty plea counsel's alleged failure to honor Appellant's request to file a direct appeal. On January 20, 2016, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

---

[5] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[6] The trial court docket does not contain an entry for the Pa.R.A.P. 1925(b) statement. Nevertheless, based on the certificate of service appended to Appellant's Rule 1925 statement, we deem Appellant to have timely filed this statement on December 27, 2015 pursuant to the "prisoner mailbox rule." **See Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) ("a document is deemed filed when placed in the hands of prison authorities for mailing").

Appellant raises five issues in this appeal, which we re-order for purposes of disposition:

> 1. Whether the Court did abuse its discretion or commit an error of law by denying PCRA relief when [Appellant]'s guilty plea was rendered involuntary, unknowing and unintelligent by the ineffective assistance of counsel's investigation, failure to follow up with requested discovery, case preparation and plea negotiations?
>
> 2. Whether the Court did abuse its discretion or commit an error of law by denying PCRA relief when [Appellant]'s PCRA process was rendered fundamentally unfair and in violation of [Appellant]'s Constitutional Rights by PCRA counsel's ineffectiveness and by the prosecutorial misconduct of the Philadelphia District Attorney's Office?
>
> 3. Whether the Court did abuse its discretion or commit an error of law by denying PCRA relief when [Appellant]'s guilty plea was involuntary, unknowing and unintelligent by the prosecutorial misconduct of the Philadelphia District Attorney's Office's evidence tampering, withholding of evidence, threats and improper tactics used during plea negotiations?
>
> 4. Whether the Court did abuse its discretion or commit an error of law by denying PCRA relief when [Appellant]'s guilty plea was rendered involuntary, unknowing and unintelligent by a defective guilty plea colloquy and insufficiency of evidence?
>
> 5. Whether the Court did abuse its discretion or commit an abuse of discretion by denying PCRA relief when [Appellant]'s guilty plea was rendered involuntary, unknowing and unintelligent by the availability of affirmative defenses unknown to the [Appellant] at the time of the plea?

Appellant's Brief at 4-5.

In his first issue on appeal, Appellant contends that plea counsel was ineffective for failing to seek a post-sentence withdrawal of his guilty plea

and disregarding his request for a direct appeal. *Id.* at 23. Second, Appellant argues that plea counsel failed to review discovery with him and induced his plea with a video of his children "begging and crying for him not to go to trial." *Id.* No relief is due.

Preliminarily, we must consider whether these claims have been preserved for appeal. With regard to Appellant's claim that guilty plea counsel "failed to review requested discovery and failed to review with [Appellant] the paucity of discovery he did receive," Appellant's brief completely fails to identify the discovery that guilty plea counsel allegedly failed to review or demonstrate how counsel's omission prejudiced him.[7] Therefore, he has waived this issue. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) (murder defendant failed to adequately brief his argument of unlawful jury

---

[7] Other than reciting the PCRA statute and several basic tests for determining ineffective assistance, Appellant limits his entire substantive argument to the following:

> Direct Appeal counsel failed to file a requested direct appeal.

> Plea counsel failed to file a motion to withdraw the plea prior to sentencing, or within [ten] days thereafter.

> Trial counsel failed to review requested discovery and failed to review with [Appellant] the paucity of discovery he did receive, prior to counsel inducing [Appellant] to plea with a video of [Appellant's] minor children begging and crying for him not to go to trial.

Appellant's Brief at 23.

tampering by prosecution, and thus waived argument on appeal, where he made no effort to discuss applicable law, apply the law to the facts or develop coherent legal argument in support of his claim). Further, Appellant failed to state in his Rule 1925 statement that (1) direct appeal counsel failed to file a requested appeal, or (2) guilty plea counsel failed to move to withdraw his guilty plea prior to sentencing or within ten days thereafter. Thus, Appellant has waived these arguments. *See Commonwealth v. Kingston*, 143 A.3d 917, 922 n.4 (Pa. 2016) (PCRA petitioner waived claim that his convictions for three counts of soliciting perjury should have merged with convictions for three counts of soliciting to hinder apprehension or prosecution where, among other waivers, he failed to raise this issue in his Rule 1925 statement); *Commonwealth v. Bond*, 985 A.2d 810, 823 (Pa. 2009) (capital defendant waived claim that he was entitled to a new penalty phase hearing because trial court required him to be shackled during original hearing, where defendant failed to include that claim in his Rule 1925 statement).

In his second issue, Appellant accuses PCRA counsel of ineffective assistance during PCRA proceedings. Appellant waived this argument by failing to assert it in his Rule 1925 statement. *See Commonwealth v. Henkel*, 90 A.3d 16, 29 (Pa. Super. 2014) (*en banc*) (claims of ineffective assistance of PCRA counsel may not be raised for the first time on appeal; such claims must be raised in response to Pa.R.Crim.P. 907 notice of

dismissal or in serial PCRA petition). In any event, having reviewed the record, we conclude that PCRA counsel's *Finley* letter was comprehensive and correct, and therefore Appellant's claim of ineffectiveness is devoid of merit.

In his remaining claims on appeal, Appellant appears to assert misconduct by the district attorney, defects in the guilty plea colloquy, inadequate factual bases for his plea and the existence of affirmative defenses to the charges. He fails, however, to support these assertions with meaningful discussion of the law or facts of this case. Therefore, these claims are waived. *See* Pa.R.A.P. 2119(a); *Freeman*, 128 A.3d at 1249.

For these reasons, we affirm the dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judge Moulton joins the Memorandum.

Judge Shogan Concurs in the Result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2017

- 7 -