J-S13004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KRISTOPHER GARNER | : | |
| | : | |
| Appellant | : | No. 310 WDA 2017 |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016150-2007

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED MAY 4, 2018**

Appellant, Kristopher Garner, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On August 27, 2009, a jury convicted Appellant of third-degree murder and conspiracy. The court sentenced Appellant on November 20, 2009, to an aggregate term of 17½ to 35 years' imprisonment. On October 25, 2011, this Court affirmed in part but remanded for a hearing on whether a witness' recantation was credible. *See Commonwealth v. Garner*, 37 A.3d 1244 (Pa.Super. 2011). After the remand hearing, the court decided on March 5, 2012, that the witness had recanted under duress.

Appellant timely filed his first PCRA petition *pro se* on March 13, 2013. The court appointed counsel, who amended the petition on August 29, 2013.

The court denied relief after a hearing, on August 20, 2014. This Court affirmed on August 26, 2015; the Supreme Court denied review on December 30, 2015. **See Commonwealth v. Garner**, 131 A.3d 104 (Pa.Super. 2015), *appeal denied*, 634 Pa. 743, 130 A.3d 1287 (2015). Appellant filed the current *pro se* PCRA petition on September 15, 2016. The court issued Pa.R.Crim.P. 907 notice on December 19, 2016, and dismissed the petition as untimely on January 17, 2017. Appellant timely appealed on January 26, 2017. **See Commonwealth v. Wilson**, 911 A.2d 942 (Pa.Super. 2006) (stating document is filed when *pro se* prisoner hands it to authorities for mailing).

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the time-bar excuse the late filing of a petition in limited circumstances; a petitioner must assert an exception within 60 days of when the claim could have first been presented. 42 Pa.C.S.A. § 9545(b)(1-2). The "newly-discovered facts" exception at Section 9545(b)(1)(ii) requires a petitioner to plead and prove he: (1) did not know the fact(s) upon which he based his petition; and (2) could not have learned those fact(s) earlier by

- 2 -

the exercise of due diligence. ***Commonwealth v. Shiloh***, 170 A.3d 553 (Pa.Super. 2017). "The focus of the exception is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 927 A.2d 714, 720 (2008). So, "the fact that the petitioner discovered yet another conduit for the same claim…does not transform his latest source into evidence falling within the ambit of Section 9545(b)(1)(ii)." ***Id.*** at 597, 927 A.2d at 720.

Instantly, the judgment of sentence became final on April 4, 2012, after expiration of the appeal period from the trial court's remand decision. ***See*** Pa.R.A.P. 903(a). Appellant filed his current petition on September 15, 2016, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the newly-discovered facts exception, claiming he recently found an eyewitness to the murder, Mr. Hafiz, who authored an affidavit allegedly "exonerating" Appellant. According to the affidavit, the two perpetrators were roughly six feet tall with light brown complexions. Mr. Hafiz noted a third man was present at the scene, who did not participate in the assault, but Mr. Hafiz could not describe that man. Appellant claims Mr. Hafiz's affidavit corroborates Appellant's trial theory of mere presence at the scene, because Appellant does not fit Mr. Hafiz's descriptions of the perpetrators. Appellant admits he knew of Mr. Hafiz before trial because he gave a statement to police, but the parties could not locate Mr. Hafiz for trial. Appellant says he looked for Mr. Hafiz with an investigator and *via* social

media. Appellant's family located Mr. Hafiz in July 2016, and after meeting with the family, Mr. Hafiz authored his affidavit in August 2016. Yet, Detective Williams testified at trial that Appellant admitted he was at the crime scene but denied involvement in the murder. In light of this testimony, the affidavit does not qualify as a "new fact"; rather, Mr. Hafiz is simply another conduit for Appellant's trial defense of mere presence at the scene, which the jury already rejected. **See Marshall, supra**. Thus, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2018