J-S68007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL WHITEHEAD | : | |
| | : | |
| Appellant | : | No. 102 WDA 2019 |

Appeal from the PCRA Order Entered December 6, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009216-1999

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:             **FILED JANUARY 10, 2020**

Carl Whitehead (Whitehead) appeals *pro se* from the order of the Court of Common Pleas of Allegheny County (PCRA court) denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In 2000, Whitehead was tried by a jury on various offenses for sexually abusing his infant daughter.  During deliberations and prior to verdict, one of the jurors was dismissed and deliberations continued with eleven jurors.  The jury convicted Whitehead of endangering the welfare of children (EWOC) but deadlocked on the remaining offenses, resulting in the trial court to declare a mistrial and defer sentencing on the EWOC conviction until after the retrial. Whitehead moved to bar retrial on double jeopardy grounds, arguing the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth committed prosecutorial misconduct during its closing. The trial court denied the motion and Whitehead proceeded to a second jury trial in which he was convicted of involuntary deviate sexual intercourse, rape, aggravated assault, incest, indecent assault and corruption of minors. He was sentenced to serve an aggregate 35 to 70 years' imprisonment.[1] Whitehead appealed and this Court affirmed the judgment of sentence on April 25, 2002. ***Commonwealth v. Whitehead***, 803 A.2d 799 (Pa. Super. 2002) (unpublished memorandum). Because he did not file a petition for allowance of appeal, his judgment of sentence became final on May 25, 2002. 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct appeal or expiration of time for seeking review).

Over the past 17 years, Whitehead has filed multiple *pro se* petitions and motions seeking post-conviction relief, all of which have been denied. On June 6, 2017, he filed his seventh PCRA petition that is the subject of the instant appeal. The PCRA court deferred consideration because the denial of his sixth PCRA petition was pending appeal. On September 7, 2017, this Court dismissed that appeal for failure to file a brief. The PCRA court, however, further deferred consideration of his seventh petition because Whitehead had just appealed the denial of his "motion for judgment on application for writ of error *coram nobis*." The following year, this Court affirmed that denial.

---

[1] The trial court imposed no further penalty on Whitehead's EWOC conviction.

***Commonwealth v. Whitehead***, 1322 WDA 2017 (Pa. Super. filed July 26, 2018) (unpublished memorandum). Once no further appeals were pending, the PCRA court issued notice of its intent to dismiss the petition without hearing pursuant to Pa.R.Crim.P. 907(1). After Whitehead responded, the PCRA court dismissed his petition on December 6, 2018, following which he filed a notice of appeal that was docketed in the PCRA court on January 9, 2019.[2]

Before addressing the merits of Whitehead's issues, we must determine the timeliness of his petition, as the PCRA time limitations implicate our jurisdiction. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Under the PCRA, any petition for relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[2] Whitehead's notice, which he dated January 1, 2019, was stamped as received by this Court on the final day for filing an appeal, January 7, 2019. We find this sufficient to conclude that Whitehead deposited his notice in the prison mail system within the allowable appeal period and avail himself of the "prisoner mailbox rule," which allows documents filed by pro se prisoners to be deemed filed on the date of delivery to prison authorities for mailing. ***See*** Pa.R.A.P. 121(a); ***see generally Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, at the time Whitehead filed his petition, any PCRA petitioner seeking to invoke one of these exceptions was required under 42 Pa.C.S. § 9545(b)(2) to file it within 60 days of the date that the claim could have been presented.[3]

Under 42 Pa.C.S. § 9545(b)(3), Whitehead's judgment of sentence became final over 15 years before the filing of his seventh PCRA petition. Thus, it was patently untimely and Whitehead had the burden of pleading and proving that one of the enumerated exceptions applied or the PCRA court was without jurisdiction to address his petition. **See Hernandez, supra**.

In his petition, Whitehead asserted the applicability of two of the exceptions: (1) governmental interference, 42 Pa.C.S. § 9545(b)(1)(i); and (2) newly-discovered facts, 42 Pa.C.S. § 9545(b)(1)(ii). Neither is applicable.

---

[3] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. The amendment applies only to claims arising on or after December 24, 2017.

First, under the "governmental interference" exception to the PCRA's one-year jurisdictional time-bar, a petitioner must plead and prove that government officials interfered with his ability to present a timely PCRA claim. Whitehead has not done that. Instead, he argues that the PCRA court has obstructed him from challenging his EWOC conviction by incorrectly concluding that he is not eligible for relief because he is not in custody on that offense. While he acknowledges that he received no further penalty for his EWOC conviction, he claims this still constitutes a sentence entitling him to PCRA relief. Whitehead merely disagrees with the PCRA court's prior decisions and has not plead any facts that any government officials obstructed him from presenting this claim. In fact, Whitehead presented this claim in his first PCRA petition, and this Court addressed it when he appealed its denial. *Commonwealth v. Whitehead*, 2076 WDA 2005 (Pa. Super. 2005) (unpublished memorandum).

As part of his governmental interference argument, Whitehead asserts that our Supreme Court's decision in *Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018), allows him to avoid the PCRA timeliness requirements.[4] In *Delgros*, our Supreme Court held that a trial court may address an ineffectiveness claim raised in a post-sentence motion when the defendant will be statutorily precluded from obtaining subsequent PCRA review. *See id*.

_____

[4] Whitehead raised this argument in a supplement to his seventh PCRA petition that he filed on July 6, 2018.

- 5 -

at 361. However, in so doing, the **Delgros** Court expressly limited its decision to ineffectiveness claims presented in post-sentence motions, stating that prior decisions governing the PCRA's eligibility requirements remained undisturbed. **See id**. at 362-63. As a result, **Delgros** is inapplicable and cannot allow Whitehead to avoid the PCRA's one-year timebar.

Next, Whitehead asserted in his petition that the newly-discovered evidence exception applied to his petition, appearing to claim that the newly-discovered fact was the dismissal of the juror during the first trial. In his petition, Whitehead asserted that his knowledge of the dismissal could not be presumed under the *pro se* prisoner exception to the public record presumption announced by our Supreme Court in **Commonwealth v. Burton**, 218 A.3d 440 (2017). On appeal, however, Whitehead abandons this argument. He still claims that he properly invoked the newly-discovered fact exception but does not identify what newly-discovered fact is the basis for his claim.

> This Court has explained:
>
> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted). Thus, under the exception, a petitioner must prove that the facts upon which the claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. *Id.*, at 176-77 (quoting *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

Whitehead fails to identify what facts he discovered in 2017 that prompted the filing of his seventh PCRA petition. Instead, he baldly claims that the newly-discovered fact exception applies and attempts to assert many of the issues that he has raised through the past 17 years in his various petitions and motions. Accordingly, we conclude that the petition is untimely, as Whitehead has failed to satisfy any of the exceptions to the PCRA's timeliness requirements.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2020