J-S03027-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                            PENNSYLVANIA
           v. :

DELBERT WALKER :

       Petitioner :

: No. 965 WDA 2019

Appeal from the PCRA Order Entered May 28, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009822-1990

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: FILED FEBRUARY 10, 2020

Delbert Walker (Appellant) appeals, pro se, from the order entered in
the Allegheny County Court of Common Pleas, dismissing as untimely filed his
serial petition for collateral relief under the Post Conviction Relief Act
("PCRA").[1] Appellant contends the PCRA court erred in dismissing his petition
as untimely filed. For the reasons below, we affirm.

The facts and procedural history underlying this appeal are well-known
to the parties, and summarized in a prior decision of this Court. See
Commonwealth v. Walker, 816 WDA 2012 (unpub. memo. at 1-3) (Pa.
Super. Jan. 18, 2013), appeal denied, 69 A.3d 243 (Pa. 2013). Accordingly,
we need not reiterate them in detail herein. In summary, on February 5,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

1991, Appellant was found guilty by a jury on charges of second-degree murder, robbery and criminal conspiracy[2] for the 1983 death of a jitney driver. The trial court granted Appellant's request to arrest judgment on the robbery and conspiracy convictions. Thereafter, on March 2, 1991, the trial court sentenced Appellant to a term of life imprisonment for his conviction of second-degree murder. A panel of this Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied Appellant's petition for review. Commonwealth v. Walker, 610 PGH 1991 (unpub. memo.) (Pa. Super. Jun. 26, 1992), appeal denied, 633 A.2d 151 (Pa. 1993).

Appellant filed his first PCRA petition, pro se, on February 24, 1994. Counsel was appointed, and filed both an amended and supplemental amended petition. Following an evidentiary hearing, the PCRA court denied Appellant relief. On appeal, this Court affirmed, and the Pennsylvania Supreme Court denied review. Commonwealth v. Walker, 2393 PGH 1997 (unpub. memo.) (Pa. Super. Mar. 23, 1999), appeal denied, 740 A.2d 1147 (Pa. 1999).

Appellant filed a second PCRA petition on November 2, 2002, which the PCRA court dismissed as untimely, and this Court affirmed on appeal. Commonwealth v. Walker, 630 WDA 2005 (unpub.memo.) (Pa. Super. Jan. 26, 2006). He filed another petition on January 6, 2010, which the PCRA court

---

[2] 18 Pa.C.S. §§ 2502(b), 3701(a)(1), and 903, respectively.

again dismissed as untimely. Appellant's appeal to this Court was dismissed on October 22, 2010, when he failed to filed a brief. Subsequently, on April 4, 2012, Appellant filed a petition for writ of coram nobis. The trial court construed the filing to be another PCRA petition, and dismissed it as untimely on May 4, 2012. Once again, this Court affirmed the ruling on appeal and the Pennsylvania Supreme Court denied review. Commonwealth v. Walker, 816 WDA 2012 (unpub. memo. at 1-3) (Pa. Super. Jan. 18, 2013), appeal denied, 69 A.3d 243 (Pa. 2013).

Appellant filed the present PCRA petition, his fifth, on April 4, 2019. On May 8, 2019, the PCRA court provided Appellant with notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Thereafter, the court dismissed the petition by order filed May 29, 2019. Appellant filed a response to the PCRA court's Rule 907 notice, but it was not received by the court until May 30, 2019. This timely appeal followed.[3]

Appellant raises three issues on appeal. First, he contends the PCRA court erred when it dismissed his petition without first appointing counsel or considering his pro se response to the court's Rule 907 notice. Appellant's Brief at 3. Second, Appellant argues the court erred when it dismissed his petition without addressing his claim that trial counsel conceded his guilt to

---

[3] Although not ordered to do so by the PCRA court, Appellant filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on August 12, 2019.

- 3 -

the jury during closing arguments. Id. Third, he asserts the PCRA court erred when it dismissed his petition as untimely after he demonstrated an exception to the timeliness requirements, namely, the "city detective's use of 'the Reid Train[ing]' that is know[n] for causing false confessions." Id. at 4.

Our standard of review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" Commonwealth v. Mitchell, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation omitted). Furthermore,

> a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings.

Commonwealth v. Shaw, 217 A.3d 265, 269 (Pa. Super. 2019).

In his first issue, Appellant asserts the PCRA court erred in dismissing his petition without appointing counsel or considering his response to the court's Rule 907 notice. Preliminarily, we note that pursuant to Pa.R.Crim.P. 904(C), an indigent petitioner is entitled to the appointment of counsel to assist him in litigating his first PCRA petition. Pa.R.Crim.P. 904(C). As noted above, this is Appellant's fifth request for post-conviction relief. Nevertheless, Rule 904(D) and (E) permit a PCRA court to appoint counsel to an indigent petitioner filing a second or subsequent petition when either "an evidentiary hearing is required" or "the interests of justice require it." Pa.R.Crim.P. 904(D), (E). Because, as we will discuss infra, we conclude Appellant's

- 4 -

petition was untimely filed, and thus no evidentiary hearing was required, we detect no error in the PCRA court's refusal to appoint counsel. Moreover, to the extent Appellant complains the PCRA court dismissed his petition without first considering his response to the court's Rule 907 notice, no relief is warranted. Although it does appear Appellant's response was timely filed pursuant to the prisoner mailbox rule,[4] his objections to the court's order are aptly raised in his brief on appeal. Accordingly, Appellant is entitled to no relief on his first claim.

Appellant's remaining two issues involve his claims that (1) trial counsel admitted to the jury during closing arguments that Appellant was guilty of robbery; and (2) the detectives who took his statement obtained a false confession from him by employing a recently debunked interrogation procedure. However, before we address any substantive claims, we must first determine if Appellant's petition was timely filed.

The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is both "mandatory and jurisdictional in nature[,]" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein.

---

[4] The 20-day period for filing a response to the court's Rule 907 notice expired on May 28, 2019; Appellant's response was not time-stamped until May 30, 2019. See Pa.R.Crim.P. 907(1) (permitting defendant to respond to court's Rule 907 notice within 20 days). However, "[p]ursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing." Commonwealth v. Wilson, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). Accordingly, we consider Appellant's response to have been timely filed.

Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013). See also 42 Pa.C.S. § 9545(b)(1). Here, it is undisputed Appellant's petition was untimely filed. As a panel of this Court found in a prior appeal,

> Appellant's judgment of sentence became final on or about November 29, 1993, when the sixty-day time period for filing a writ of certiorari with the United States Supreme Court expired. See former U.S.Sup.Ct.R. 20; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file this PCRA petition by November 29, 1994, in order for it to be timely.

Walker, 816 WDA 2012 (unpub. memo. at 5). The present petition, filed on April 4, 2019, is manifestly untimely.

Nevertheless, an untimely petition may be considered if one of the three timeliness exceptions applies. See 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[5] A

---

[5] The PCRA provides, in relevant part:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

petition invoking one of the exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

First, Appellant maintains he suffered a "gross stru[ctur]al constitutional error" when trial counsel admitted to the jury that Appellant was guilty of robbery. Appellant's Brief at 21. Relying upon the United States Supreme Court's recent decision in McCoy v. Louisiana, 138 S.Ct. 1500 (2018), Appellant argues trial counsel may not concede his client's guilt. Appellant's Brief at 22. Appellant insists he is entitled to PCRA relief because he filed his petition within one year of the McCoy decision, which Appellant maintains constituted a newly discovered fact pursuant to Subsection (b)(1)(ii), or a newly recognized constitutional right pursuant to Subsection (b)(1)(iii). We disagree.

In McCoy, the United States Supreme Court concluded trial counsel was ineffective when, in an effort to spare his client the death penalty, he admitted to the jury the defendant committed the murders, despite the defendant's adamant objection to any admission of guilt. McCoy, 158 S.Ct. at 1505. Further, the Court held "counsel's admission of a client's guilt over the client's express objection is error structural in kind," for which the defendant is entitled to a new trial without having to show prejudice. Id. at 1511.

---

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant argues McCoy is applicable to the facts of his case because trial counsel told the jury during closing arguments that "according to [Appellant's] statement" to police, Appellant took the victim's pocketknife. N.T., 1/31/91, at 461. Therefore, if the jury found that statement "to be voluntary . . . the Commonwealth has proven the crime of robbery." Id. at 465. However, Appellant fails to acknowledge that counsel also argued Appellant's statement was involuntary. See id. at 467-75. In the event the jury did not agree, counsel urged it to find that, at most, Appellant's statement established he committed robbery, but not conspiracy or murder.

Even assuming, arguendo, that McCoy applies to the facts here, Appellant is unable to establish one of the PCRA timeliness exceptions. To the extent he maintains the McCoy decision involves a newly recognized constitutional right, we note that the PCRA requires the petitioner to prove the newly established right "has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). To date, the United States Supreme Court has not held the McCoy decision is to apply retroactively. Additionally, with regard to the newly discovered facts exception, it is well-settled that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." Commonwealth v. Watts, 23 A.3d 980, 987 (Pa. 2011). Accordingly, Appellant has not established a timeliness exception based upon McCoy.

Lastly, Appellant contends he is entitled to relief based upon a May 2018 article denouncing the "Reid Technique" of police interrogation because it

leads to false confessions. Appellant's Brief at 27. He attached a copy of the article to his PCRA petition. See Appellant's Motion for Post Conviction Collateral Relief, 4/4/19, attachment. Appellant maintains the detectives who took his statement used their "Reid Technique" training to obtain "false statements and confessions" from him. Appellant's Brief at 29.

In order to obtain relief under the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Although the May 2018 article criticizing the "Reid Technique" was published within one year of Appellant's PCRA petition, the facts upon which Appellant's claim is predicated – i.e., the detectives who interviewed him employed questionable techniques[6] – were not unknown to him. Indeed, on direct appeal, Appellant challenged the trial court's denial of his pretrial suppression motion. See Walker, 610 PGH 1992 (unpub. memo. at 6-9) (arguing, inter alia, his confession was coerced when police pointed gun to his head). Moreover, we note the 2018 article explained the "Reid Technique" was a controversial form of interrogation for many years, and was even cited in Miranda v. Arizona, 384 U.S. 436 (1966), "as a reason suspects must be admonished of their right against self-incrimination." See Appellant's Motion for Post Conviction

---

[6] Appellant does not identify any purported improper techniques employed by the detectives during his interview, except for a vague reference to his belief that he was formally under arrest when he was provided with his Miranda warnings. Appellant's Brief at 37.

Collateral Relief, 4/4/19, attachment, "Controversial Police Interrogation Technique That Often Results in False Confessions Abandoned by Influential Training Consultant," Criminal Legal News, May 2018. Accordingly, Appellant cannot establish the facts underlying this claim were unknown to him or could not have been ascertained by the exercise of due diligence. Therefore, no relief is warranted.

Because we agree with the decision of the PCRA court that Appellant's PCRA petition was untimely filed, and Appellant failed to prove the applicability of any of the timing exceptions set forth in Section 9545(b)(1), we affirm the order denying PCRA relief.[7]

Order affirmed.

Judge Pellegrini joins this memorandum.

Judge McLaughlin concurs in the result.

---

[7] We note that Appellant discusses a number of other claims in his rambling, pro se brief. See Appellant's Brief at 29 (there was no probable cause for his detention); 30-31 (his taped statement to police did not support charges filed against him); 36 (Commonwealth's plea offer was a nullity because the charges of robbery and conspiracy were outside the statute of limitations). Because they were not raised in his PCRA petition, we do not address them. See Commonwealth v. Mason, 130 A.3d 601, 639 (Pa. 2015) (issues not included in PCRA petition or court-approved amendment are waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2020