J-S48009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL JOSEPH MITCHELL | : | |
| | : | |
| Appellant | : | No. 349 MDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-MD-0000246-2016

BEFORE:   OTT, J., STABILE,J.,  and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 21, 2017**

Daniel Joseph Mitchell appeals, *pro se*, from the order entered January 20, 2017, in the Lycoming County Court of Common Pleas, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   Mitchell seeks relief from a 90-day suspended sentence, and $300.00 fine, imposed on July 11, 2016, after the trial court found him guilty of indirect criminal contempt[1] for violating a Protection from Abuse ("PFA") Order issued to his wife.  On appeal, Mitchell contends the PCRA court erred in dismissing his petition without considering his allegations that trial counsel was ineffective.  Because we agree with the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S. § 6114(a).

PCRA court's determination that Mitchell is not eligible for PCRA relief, we affirm.

We have gleaned the facts underlying Mitchell's conviction from the affidavit of probable cause attached to his criminal complaint.[2]  ***See*** Criminal Complaint, 6/10/2016, Affidavit of Probable Cause.  Mitchell's wife, the complainant, obtained a temporary PFA against Mitchell on February 29, 2016, which was made final by order of the court on March 30, 2016.  Since the beginning of March 2016, Mitchell has been incarcerated for a parole violation.  Between March 2, 2016, and April 22, 2016, Mitchell sent three letters and a canvas drawing to his mother, and requested she give them to the complainant.  As a result of these actions, the Commonwealth charged Mitchell with one count of indirect criminal contempt.  Following a hearing on July 11, 2016, the trial court found Mitchell guilty of the crime charged, and imposed a sentence of a $300 fine, and 90 days' incarceration, which the court "suspended on the condition that [Mitchell] faithfully comply with all mandates of the Final Protection From Abuse Order during its term of enforcement."  Order, 7/11/2016.  No appeal was filed.  Mitchell never served the suspended sentence, which expired on October 11, 2016.  ***See*** Order, 12/21/2016, at 1 n.1.

_____

[2] The transcript from the contempt hearing was not included in the certified record.

- 2 -

On September 26, 2016, Mitchell filed a timely, *pro se* PCRA petition, raising claims concerning the ineffective assistance of trial counsel. PCRA counsel was appointed, but, on December 1, 2016, filed a petition to withdraw and accompanying **Turner**/**Finley**[3] "no merit" letter. Counsel explained that because Mitchell was not serving a sentence for his conviction, he was ineligible for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(1). **See** Petition to Withdraw from Representation, 12/1/2016, at 4. Thereafter, on December 21, 2016, the PCRA court sent Mitchell notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Mitchell did not respond to the Rule 907 notice, and on January 19, 2017, the PCRA court entered an order dismissing Mitchell's petition and granting counsel permission to withdraw. Mitchell's notice of appeal was docketed on February 27, 2017.

Before we address the substantive issue on review, we must first determine whether this appeal was timely filed.[4] "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] On May 19, 2017, this Court issued a rule directing Mitchell to show cause why the appeal should not be quashed as untimely. **See** Order, 5/19/2017. Mitchell filed a prompt response, and the show-cause order was discharged. The issue is now before this panel for consideration.

*sua sponte*." ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1034 (Pa. Super. 2014) (quotation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014).

Here, the trial court docketed the order denying PCRA relief on January 20, 2017. Although it is well settled that a notice of appeal must be filed within 30 days after entry of the order on appeal,[5] in the present case, the thirtieth day fell on a Sunday, and the following day was a court holiday. Therefore, Mitchell had until Tuesday, February 21, 2017, to file a timely notice of appeal. ***See*** 1 Pa.C.S. § 1908. However, Mitchell's notice of appeal was not docketed until February 27, 2017, making it facially untimely.

Mitchell contends he never received a copy of the trial court's January 20, 2017, order denying PCRA relief. Rather, Mitchell claims he first learned of the entry of the order only after his family inquired in the lower court. ***See*** Petition to Show Cause, 6/2/2017, at 1. We find, however, that Mitchell's claim is belied by the record. Mitchell's name and address at SCI-Benner were listed on the bottom of the order denying PCRA relief. Furthermore, the docket indicates notice of the order was mailed on January 20, 2017. Accordingly, we will presume Mitchell received a copy of the order denying relief.

---

[5] ***See*** Pa.R.Crim.P. 903(a).

Nevertheless, because he was incarcerated on other charges at the time he filed the appeal, Mitchell also asserts he is entitled to relief pursuant to the "prisoner mailbox rule." Under the "'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing." ***Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (2006). Here, the record contains no official documentation, such as the postmarked envelope, indicating when Mitchell deposited his notice of appeal in the prison mail system. Therefore, because the date of mailing is a factual question, we could remand for an evidentiary hearing. ***See Commonwealth v. Cooper***, 710 A.2d 76, 79 (Pa. Super. 1998). However, when "the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." ***Id.*** In the present case, neither the Commonwealth nor the PCRA court has asserted the untimeliness of the appeal. Further, if, as Mitchell contends, he placed the notice of appeal in the prison mail system on Tuesday, February 21, 2017,[6] it is plausible that the appeal would not have been docketed until Monday, February 27, 2017. Accordingly, we decline to quash this appeal.

The sole claim Mitchell raises on appeal challenges the PCRA court's dismissal of his petition without first considering his claim that trial counsel

---

[6] ***See*** Petition to Show Cause, 6/2/2017, at 2.

provided ineffective assistance. The PCRA court dismissed the petition, concluding Mitchell was ineligible for relief because he was not currently serving a sentence for the crime at issue. *See* Order, 12/21/2016. We agree.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." ***Id.*** (citations omitted).

In order to be eligible for collateral relief under the PCRA, a petitioner must plead and prove, *inter alia*, that "at the time relief is granted" he is either:

> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii). Our Supreme Court has emphasized: "Eligibility for relief under the PCRA is dependent upon the petitioner **currently** serving a sentence of imprisonment, probation, or parole for the crime." ***Commonwealth v. Turner***, 80 A.3d 754, 761–762 (Pa. 2013) (emphasis supplied), *cert. denied*, 134 S.Ct. 1771 (U.S. 2014).

Here, Mitchell never served the suspended 90-day sentence before it expired on October 11, 2016. *See* Order, 12/21/2016, at 1 n.1. Therefore, because Mitchell is not currently serving a sentence for the conviction of indirect criminal contempt on appeal, we agree with the PCRA court's determination that he is statutorily ineligible for PCRA relief.

Order affirmed.

Stabile, J., joins the memorandum.

Platt, J., concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2017