J-S55036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| FELIX ROSADO, | : | |
| | : | |
| Appellant | : | No. 75 MDA 2017 |

Appeal from the PCRA Order December 15, 2016,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0000098-1996

BEFORE:    DUBOW, RANSOM, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 25, 2017**

Felix Rosado (Appellant) appeals from the December 15, 2016 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

When he was 18 years old, Appellant shot and killed Hiep Q. Nguyen. Appellant pled guilty to first-degree murder and was sentenced to life imprisonment without possibility of parole in 1996.  Appellant filed no direct appeal, and his initial attempts at obtaining PCRA relief were unsuccessful.

On March 22, 2016,[1] Appellant filed the PCRA petition that is the subject of this appeal.  Counsel entered an appearance on Appellant's behalf in May 2016, and, after being granted several extensions, filed an amended

_____

[1] Although the petition was not docketed until March 28, 2016, it appears that it was put in the hands of prison authorities on March 22, 2016.  Hence, the filing date, pursuant to the prisoner mailbox rule, is March 22.  **See**, **e.g.**, **Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006).

*Retired Senior Judge assigned to the Superior Court.

petition. On November 4, 2016, the PCRA court filed, pursuant to Pa.R.Crim.P. 907, a notice of its intent to dismiss Appellant's petition as untimely filed. On December 15, 2016, after considering Appellant's response to the Rule 907 notice, the PCRA court dismissed the petition as untimely filed.

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant claims that his petition should not have been dismissed as untimely filed, and that he should have been granted an evidentiary hearing to develop his proof regarding his immaturity at the time of the crime and "his coming to his senses at age 27" and becoming a model citizen. Appellant's Brief at 3, 10.

Our first task is to determine whether Appellant's PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545. "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court

has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 1996. However, Appellant alleges that his petition, filed within 60 days of the United States Supreme Court's decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), meets the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

In ***Miller v. Alabama***, 567 U.S. 460 (2012), the Court held "that mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Id.*** at 465 (emphasis added). In ***Montgomery***, the Court determined that ***Miller*** announced a new substantive rule of law that applies retroactively. ***Montgomery***, 136 S. Ct. at 736.

Appellant was not under the age of 18 when he murdered Nguyen. This Court has expressly held that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in [subs]ection 9545(b)(1)(iii)." ***Commonwealth v.***

*Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (citing *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013)).

Appellant attempts to distinguish *Furgess* and *Cintora* by noting that the petitioners in those cases argued that *Miller*'s holding should be **extended** to convicts who, although they were older than 18 when they committed murder, otherwise met the criteria relied upon by the Court in deciding *Miller*. *See*, *e.g.*, *Miller*, 567 U.S. at 471-72 ("[D]evelopments in psychology and brain science continue to show fundamental differences between juvenile and adult minds—for example, in parts of the brain involved in behavior control. … [T]hose findings—of transient rashness, proclivity for risk, and inability to assess consequences—both lessened a child's moral culpability and enhanced the prospect that, as the years go by and neurological development occurs, his deficiencies will be reformed.") (internal citations and quotation marks omitted).

Appellant claims that he is not seeking an extension of *Miller*'s holding. Rather, he notes that, at only a few months past his eighteenth birthday at the time of the murder, he was still considered a minor or a child under some statutes, Appellant's Brief at 29-31, and he claims that "the scientific foundation adopted in *Miller* requires such application to youths whose characteristics bring them within the ambit of *Miller* although they may be marginally older than their eighteenth birthday." *Id.* at 28 (emphasis in original).

Appellant makes a false distinction. He is asking this Court to apply to him, a person who was over 18 at the time he murdered a man, the *Miller* decision that is expressly applicable only to people under the age of 18. Call it what he will, Appellant is asking us to extend *Miller*'s holding. This Court's binding precedent precludes us from doing so. *See Cintora* and *Furgess*.

Despite the arguable applicability to Appellant of the scientific evidence relied upon by the *Miller* court in reaching its holding as to children under 18, it is clear that neither the United States nor the Pennsylvania Supreme Court has announced a new, retroactively-applicable constitutional rule regarding mandatory sentences of life without parole given to immature 18-to-25-year-olds convicted of murder. Therefore, Appellant cannot satisfy the subsection 9545(b)(1)(iii) exception to the PCRA's timeliness requirements. Accordingly, the PCRA court properly dismissed Appellant's petition without holding a hearing. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to establish a timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/25/2017