J-S38017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH JOHNSON | : | |
| | : | |
| Appellant | : | No. 1396 WDA 2017 |

Appeal from the Judgment of Sentence August 4, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005882-1985

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 22, 2018**

Appellant Keith Johnson appeals from the judgment of sentence entered by the trial court sentencing Appellant to thirty-five years' to life imprisonment, following Appellant's re-sentencing hearing pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).  Appellant raises a claim challenging the discretionary aspects of his sentence.  We affirm.

On May 19, 1985, Appellant, who was sixteen years old, stabbed another teenager to death.  On October 18, 1985, a jury convicted Appellant of first-degree murder.  On July 23, 1986, the trial court sentenced Appellant to a mandatory sentence of life imprisonment without the possibility of parole.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This Court affirmed Appellant's judgment of sentence on December 4, 1987. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on November 2, 1988. On July 17, 2010, Appellant filed a first *pro se* petition pursuant to the Post Conviction Relief Act[1] (PCRA). The PCRA court appointed counsel, who filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 14, 2011, the PCRA court filed a notice of intent to dismiss Appellant's PCRA petition and granted counsel's motion to withdraw. On March 30, 2011, the court denied Appellant's PCRA petition.

On July 16, 2012, Appellant filed his second *pro se* PCRA petition in light of the holding in **Miller**.[2] The PCRA court appointed counsel, who filed an amended PCRA petition. On November 4, 2013, the PCRA court filed a notice of intent to dismiss Appellant's PCRA petition. Appellant responded and, on November 25, 2013, the court dismissed Appellant's petition.

On January 27, 2015, this Court affirmed the PCRA court's order, holding that **Miller** did not apply retroactively to cases on collateral review. **See Commonwealth v. Johnson**, 2020 WDA 2013, 2015 WL 6394810 *1 (Pa.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The Supreme Court of the United States held in **Miller** that it is unconstitutional to sentence individuals who were under eighteen years of age at the time of their offense to a mandatory sentence of life imprisonment without the possibility of parole. **Miller**, 567 U.S. at 479.

Super. filed Jan. 27, 2015) (unpublished j. order) (citing **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013)).  Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court granted on March 2, 2016. Our Supreme Court vacated and remanded this Court's order for further proceedings in light of **Montgomery**.[3]  On April 6, 2016, this Court reversed the PCRA court's order and remanded for re-sentencing.  **See Commonwealth v. Johnson**, 2020 WDA 2013 (Pa. Super. filed Apr. 6, 2016) (unpublished j. order).

Appellant obtained private counsel, Tiffany Sizemore-Thompson, Esq., and on August 4, 2017, the trial court held a re-sentencing hearing.  The trial court re-sentenced Appellant to thirty-five years' to life imprisonment.[4] Following the trial court's sentence, the following relevant exchange occurred:

> [The court]: [Appellant], have you had the opportunity to speak with [trial counsel] regarding your post-sentence and appeal rights?
>
> [Appellant]: No ma'am.
>
> * * *

---

[3] In **Montgomery**, the United States Supreme Court held that **Miller** applied retroactively to cases on collateral review.  **See Montgomery**, 136 S. Ct. at 736; **see also Commonwealth v. Secreti**, 134 A.3d 77, 82 (Pa. Super. 2016).

[4] Because Appellant was convicted before June 24, 2012, the mandatory minimum sentencing provision in 18 Pa.C.S. § 1102.1 did not govern the resentencing proceeding in this case.  **See Commonwealth v. Batts**, 66 A.3d 286, 293 (Pa. 2013).

> [The court]: With regards to post-sentence and appellate rights, this is a rather unique situation. He would have the right within 10 days of today to file post-sentence motions with this Court seeking, I don't know, in this case an arrest of judgment, modification of sentence. . . .
>
> [Y]ou would have 30 days from the date of the denial of your post-sentence motion within which to file an appeal to the Superior Court alleging **all** error you believe to have been committed by the Court in your resentencing. Failure to allege any issue as error would constitute a waiver of that issue on appeal.
>
> If you decide not to file a post-sentence motion with this [c]ourt, you would have 30 days from today to file a direct appeal to the Superior Court, once again alleging **all** error you believe to have been committed in your resentencing.

N.T., 8/4/17, at 32-33 (emphases added). Appellant did not file a post-sentence motion.

Appellant filed a timely *pro se* notice of appeal.[5] The trial court ordered the submission of a Pa.R.A.P. 1925(b) statement on October 3, 2017. Appellant's present counsel, Donna M. Doblick, entered an appearance on October 18, 2017, and timely filed a Pa.R.A.P. 1925(b) statement after receiving an extension of time. The trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

---

[5] The trial court docketed Appellant's notice of appeal on September 12, 2017. Appellant's notice of appeal, however, was mailed to this Court in an envelope bearing a postage date of August 31, 2017. Accordingly, we conclude Appellant's appeal was timely filed. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (stating that "[p]ursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing").

- 4 -

Appellant raises one question on appeal: "Did the trial court commit an error of law and/or abuse its discretion in not imposing a shorter term of years at the minimum end of Appellant's sentence range?" Appellant's Brief at 2.

Appellant argues that the trial court erred in imposing a minimum sentence of thirty-five years because it failed to consider many of the mitigating factors set forth in **Miller** and **Commonwealth v. Knox**, 50 A.3d 732 (Pa. Super. 2012). **Id.** at 12. Appellant claims that the trial court did not take into consideration that he had a low intelligence quotient of 68, has not done poorly while incarcerated, has a supportive family, and did not have a prior juvenile record, or the "rash and impulsive nature of the crime." **Id.** at 13.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011). Before addressing the merits of such a challenge, we must determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

**Commonwealth v. Rush**, 162 A.3d 530, 543 (Pa. Super. 2017) (citation omitted), *appeal denied*, 170 A.3d 1049 (Pa. 2017). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

Here, Appellant has filed a timely notice of appeal, included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), and raised a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (holding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Regarding the preservation of discretionary sentencing claims, Appellant failed to preserve his issue in a post-sentence motion or at the re-sentencing hearing. Although ordinarily this would result in waiver, a review of the certified record reveals a breakdown in the court system.

A breakdown in the court systems occurs "where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted). Pa.R.Crim.P. 704(C)(3)(a) provides that the trial court, at the time of sentencing, shall advise the defendant of his "right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal." Pa.R.Crim.P. 704(C)(3)(a).

Here, while the trial court notified Appellant of the time to file a post-sentence motion, the language chosen by the trial court could have caused Appellant to believe that he could raise **all** issues in an appeal rather than a post-sentence motion. The court stated that if Appellant chose not to file a post-sentence motion, he could file a direct appeal to the Superior Court, alleging **all error** that he believed was committed at his resentencing hearing. **See** N.T., 8/4/17, at 33. However, challenges to the discretionary aspects of Appellant's sentence cannot be raised on direct appeal without first preserving them in a post-sentence motion. **See Griffin**, 65 A.3d at 935. The court's words may have had the unintended effect of confusing Appellant about his appellate rights and the need to preserve his claims for appeal. Therefore, Appellant was misadvised by the court, albeit inadvertently, and has not waived his claim. **See Patterson**, 940 A.2d at 498; **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006) ("Given that Appellant was unaware of the need to preserve claims in a motion for reconsideration, we find that he has not waived those claims on appeal.").

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Rush**, 162 A.3d at 544. "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id.** (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the

record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id.*** (citation omitted).

In its Pa.R.A.P. 1925(a) opinion, the trial court explained:

At the August 4, 2017 resentencing hearing, this Court considered the sentencing factors in ***Knox*** and ***Miller***, the 18 Pa.C.S. § 1102.1(a)(1) factors, as well as the totality of information presented to fashion an individualized sentence. This Court considered as mitigating factors that Appellant completed his GED and his HVAC certification, has a supportive family, and lacked a prior juvenile record prior to his commission of this offense at age 16. However, Appellant showed a lack of remorse and blamed his associates for his criminal conduct. He attacked with a knife an individual who had bumped into him or one of his friends and was walking away from Appellant. ***Id.***

This sentence is thoroughly reflective of the gravity of the offense as it relates to the 17 year old victim, who was robbed of his life, and of the need to protect the community, yet allows the possibility for Appellant to reenter society as a rehabilitated man after having served his sentence of 35 years to life.

Trial Ct. Op., 1/9/18, at 5 (internal citations omitted). We agree with the trial court's reasoning. Further, a review of the re-sentencing transcript belies Appellant's claim that the trial court failed to consider mitigating factors, including the fact that he has a supportive family and has not done poorly while incarcerated.

During the re-sentencing hearing, the trial court stated:

Other than the GED and HVAC, I don't really have a record other than counsel's arguments as to what accomplishments [Appellant] has made in the 31-plus years. In looking at everything here, I am guided by [section] 1102, obviously, as I would be by the sentencing guidelines on other cases. And there are some mitigating factors to the extent that he has not done poorly while incarcerated.

He does have a supportive family and had no juvenile record before this age 16 altercation. . . .

On the other side of that, lack of remorse. Blaming his associates on that day. He was the sole perpetrator and he attacked somebody walking away from him, purportedly because that person bumped or some person bumped h[im] or one of his friends. And not just attacked him to fight or yell at him but attacked him with a knife, stabbed him, causing his demise at also a very youthful age.

As I don't have an extensive understanding of his accomplishments, I believe it is in the best interest of the community to allow the Parole Board to make a determination of when he is eligible. And I do not see anything that really takes him outside of the ordinary for this act that he committed sole conduct [sic].

I do believe that juveniles should be sentenced differently. I do believe the impulsivity of juveniles does contribute to their actions at these ages. But I also believe that taking the life of another juvenile under these facts is just a horrible thing.

So in resentencing him I have considered all of the factors set forth in **Miller** and also **Knox** as well as the most recent decision in [**Batts**].

N.T., 8/4/17, at 30-32.

Accordingly, we conclude the trial court has not abused its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2018

- 9 -